IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KAREN A. ADKINS**<br>18135 Marcella Road<br>Cleveland, Ohio 44119<br><br>**JOHN D. ADKINS**<br>18135 Marcella Road<br>Cleveland, Ohio 44119<br><br>      Plaintiffs,<br><br>  vs.<br><br>**OCWEN LOAN SERVICING, LLC**<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>      Defendant. | Case No.:1:17-cv-2117<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiffs, Karen A. Adkins and John D. Adkins, by and through counsel, for their Complaint against Ocwen Loan Servicing, LLC, state as follows:

**INTRODUCTION, PARTIES, JURISDICTION, AND VENUE**

1. Plaintiffs Karen A. Adkins and John D. Adkins (referred to hereinafter as the "Plaintiffs") are the owners of real property and improvements located at and commonly known as 18135 Marcella Road, Cleveland, Ohio 44119 (the "Home").

2. Plaintiffs currently maintain and have at all relevant times maintained the Home as their primary, principal residence.

3. Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a limited liability company established under the laws of the State of Florida, who is registered with the Ohio Secretary of

1

State. Ocwen maintains its principal place of business at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409. Ocwen is the servicer for mortgage loans across the United States, including servicing mortgages for properties in the State of Ohio.

4. Jurisdiction of claims against Ocwen is conferred by 28 U.S.C. § 1331, as this action arises under the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* (RESPA). This action is filed to enforce regulations promulgated by the Consumer Finance Protection Bureau (CFPB) that became effective on January 10, 2014, specifically, 12 C.F.R. §§ 1024.34 and 1024.35 of Regulation X.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b), as Plaintiffs purchased the Home for their primary residence within the District, Ocwen does business in this District, and the conduct complained of took place primarily in this District.

## SUMMARY OF CLAIMS

6. In January 2013, the CFPB issued a number of final rules concerning mortgage markets in the United States, pursuant to the DFA, Public Law No. 111-203, 124 Stat. 1376 (2010).

7. Specifically, on January 17, 2013, the CFPB issued the RESPA Mortgage Servicing Final Rules, 78 F.R. 10695 (Regulation X) (February 14, 2013), which became effective on January 10, 2014.

8. The Loan is a "federally related mortgage loan" as said term is defined by 12 C.F.R. § 1024.2(b).

9. Ocwen is subject to the aforesaid regulations and each does not qualify for the exception for "small servicers", as such term is defined in 12 C.F.R. § 1026.41(e)(4), nor the exemption for a "qualified lender", as such term is defined in 12 C.F.R. § 617.700.

10. Plaintiffs assert a claim for relief against Ocwen for breaches of the specific rules under Regulation X as set forth, *infra*.

11. Plaintiffs have a private right of action under RESPA pursuant to 12 U.S.C. § 2605(f) for the claimed breaches and such action provides for remedies including actual damages, costs, statutory damages, and attorneys' fees.

## FACTUAL BACKGROUND

12. The owners of Plaintiffs' Mortgage and Note (collectively the "Loan") assigned obligations pursuant to the Loan to Ocwen. In particular, the owners assigned the right to "service" the Loan by, inter alia, assigning the contractual right to collect from Plaintiffs periodic payments of principal, interest, the right to assess and collect late fees and other funds advanced, the right to foreclose in the event of default, as well as the right to collect and maintain escrow deposits for the payment of estimated mortgage insurance, property taxes, and hazard insurance.

13. Ocwen, as a partial assignee of the Loan, was contractually obligated to apply payments made by Plaintiffs' in accordance with the terms of the Note and Mortgage.

14. On or about November 14, 2012, Plaintiffs sought bankruptcy relief pursuant to Chapter 13 of the United States Bankruptcy code in the matter stylized as *In Re Jonny D. Adkins and Karen A. Adkins*, assigned Case No. 12-18377-jps in the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy"). A copy of the Bankruptcy Docket is attached as ***Exhibit 1***.

15. Plaintiffs had their plan confirmed in the Bankruptcy on or about February 4, 2013. A copy of the Plan is attached as *Exhibit 2*.

16. Plaintiffs were required to issue conduit payments to Ocwen in an amount sufficient to cover principal, interest, property taxes, and insurance coming due on the Loan during the pendency of the Bankruptcy.

17. At all points in time, Plaintiffs made timely payments pursuant to the Bankruptcy Plan.

18. Ocwen collected escrow amounts in order to pay Liberty Mutual for hazard insurance on the Home.

19. On or about October 9, 2012, Ocwen remitted payment for Plaintiffs' hazard insurance premium of approximately $2,031.00.

20. Liberty Mutual sent three bills to Ocwen for the renewal of Plaintiffs' hazard insurance, on October 23, 2013, November 24, 2013, and December 24, 2013.

21. Ocwen failed to pay Liberty Mutual in order to renew the policy on Plaintiffs' Home, despite receiving these three bills.

22. Ocwen told Plaintiffs that the policy was cancelled effective January 11, 2014, despite Plaintiffs' payments under the Bankruptcy Plan.

23. Ocwen similarly failed to remit any payments from the Plaintiffs' escrow account for hazard insurance for 2014, 2015, and up until the Loan was released on or about June 9, 2016.

24. In total, Ocwen failed to issue payment to Liberty Mutual for hazard insurance for four (4) years.

25. During those four (4) years, Plaintiffs remitted approximately Nine Thousand Three Hundred Dollars ($9,300.00) to Ocwen for the payment of hazard insurance, which Ocwen never paid.

**PLAINTIFFS' EFFORTS TO SEEK INFORMATION
AND HAVE ERRORS CORRECTED**

26. On July 21, 2017, Plaintiffs, through counsel, sent to Ocwen a notice of error (the "NOE"), pursuant to 12 C.F.R. §§ 1024.35(b)(4) and 1024.35(b)(11), pointing out the errors made with respect to Plaintiffs' hazard insurance payments and demanding that Ocwen correct the errors within the time provided by the regulations. A copy of the NOE is attached as ***Exhibit 3***.

27. Plaintiffs provided clear instructions in the NOE to Ocwen as to how it should respond and the consequences if it failed to respond. *See Exhibit 3*.

28. The NOE was sent to Ocwen at the address designated by Ocwen for receipt of notices of error, which is "Ocwen Loan Servicing, Research, P.O. Box 24736, West Palm Beach, FL 33416-4736." See *Exhibit 3*.

29. Ocwen received the NOE on July 24, 2017. See tracking information attached as ***Exhibit 4***.

30. Plaintiffs' counsel received a response from Ocwen dated September 11, 2017, that failed to address and discuss Ocwen's review of the allegations contained in the NOE. A copy of this response is attached as ***Exhibit 5***. Ocwen provides the following confusing sentence: "Upon your request, we contacted appropriate department and were notified that the due to the status of the loan insurance was not paid by Ocwen after October 10, 2012."

31. Plaintiffs have had to pay attorneys' fees and certified mail expenses to prepare and send to Ocwen the NOE.

## COUNT ONE: FAILURE TO PROPERLY RESPOND TO
## A NOTICE OF ERROR IN VIOLATION OF 12 C.F.R. § 1024.35(e)

32. Plaintiffs restate and incorporate all of their statements and allegations contained in paragraphs 1 through 31, in their entirety, as if fully rewritten herein.

33. 12 C.F.R. § 1024.35(a) provides that a "servicer shall comply with the requirements of this section for any written notice from the borrower that asserts an error and that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and the error the borrower believes has occurred."

34. Comment 1 of the CFPB's Official Interpretations of 12 C.F.R. § 1024.35(a) provides that "[a] notice of error is submitted by a borrower if the notice of error is submitted by an agent of the borrower.

35. 12 C.F.R. § 1024.35(e)(1) provides that a servicer must respond to a notice of error by either "[c]orrecting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance" or "[c]onducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can

request such documents, and contact information, including a telephone number, for further assistance."

36. The NOE meets the requirements of a notice of error as defined by 12 C.F.R. § 1024.35(a). It was sent to Ocwen at the address designated by Ocwen for receipt of notices of error and it was received by Ocwen at such address.

37. 12 C.F.R. § 1024.34(a) provides that "the servicer shall make payments from the escrow account in a timely manner, that is, on or before the deadline to avoid a penalty, as governed by the requirements in § 1024.17(k)."

38. Plaintiffs have alleged, by and through the NOE, that Ocwen committed five (5) clear and distinct errors in relation to the Loan by failing to pay Plaintiffs' hazard insurance over a four (4) year period.

39. Plaintiffs have alleged, by and through the NOE, that Ocwen's failure to make the premium payments in a timely manner, violated 12 C.F.R. § 1024.34(a) and constituted errors in the servicing of Plaintiffs' Loan pursuant to 12 C.F.R. § 1024.35(b)(4).

40. Plaintiffs have alleged, by and through the NOE, that Ocwen's willing retainer of the funds for hazard insurance which were not used for such purposes, constituted errors in the servicing of Plaintiffs' Loan pursuant to 12 C.F.R. § 1024.35(b)(11).

41. In addition to failing to properly respond to the NOE, Ocwen has failed to correct the asserted errors.

42. Ocwen's actions in failing to remit four (4) years of payment for hazard insurance and its improper response to the NOE constitute a pattern and practice of behavior in conscious disregard for Plaintiffs' rights.

43. Ocwen's actions have caused Plaintiffs' damage. In particular, Plaintiffs have paid Ocwen for four (4) years of hazard insurance that they did not receive. As a direct and proximate result, Plaintiffs have had to incur legal fees to retain counsel to bring errors to the attention of Ocwen and ultimately to prepare, file, and prosecute this case to remedy the Ocwen's wrongful conduct.

44. As a result of Ocwen's actions, Ocwen is liable to Plaintiffs for actual damages, statutory damages, costs, and attorneys' fees

## COUNT TWO: CONVERSION

45. Plaintiffs restate and incorporates all of their statements and allegations contained in paragraphs 1 through 44, in their entirety, as if fully rewritten herein.

46. Ocwen deprived Plaintiffs of the beneficial use of their hazard insurance and monies.

47. Ocwen wrongfully exercised its dominion and control over Plaintiffs' monies.

48. Plaintiffs have been damaged by the actions of Ocwen. Specifically, Plaintiffs paid Nine Thousand Three Hundred Dollars ($9,300.00) to Ocwen to secure hazard insurance on the Home but Ocwen failed to purchase hazard insurance on the Home.

49. The actions of Ocwen were done intentionally, wantonly, willfully, and with conscious and gross disregard for Plaintiffs' rights.

50. Ocwen acted with malice, fraud, and oppression and, as a result, Plaintiffs are entitled to an award of punitive damages.

**WHEREFORE**, Plaintiffs pray for the entry of judgment in their favor and against Ocwen, as follows:

A. A finding that Ocwen violated 12 C.F.R. § 1024.35;

B. Awarding Plaintiffs actual damages in an amount to be determined at trial, including return of Plaintiffs' Nine Thousand Three Hundred Dollars ($9,300.00) collected for hazard insurance over a four (4) year period;

C. Awarding Plaintiffs statutory damages in the amount of Two Thousand Dollars ($2,000.00) for Ocwen's violation of 12 C.F.R. § 1024.35;

D. Awarding Plaintiffs punitive damages in an amount to be determined at trial;

E. Awarding Plaintiffs costs and reasonable attorneys' fees; and

F. Granting such other and further relief as is just and proper.

Respectfully submitted:

/s/ Marc E. Dann
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Dann Law
P.O. Box 6031040
Cleveland, OH 44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Attorneys for Plaintiffs Karen Adkins and John Adkins*

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Marc E. Dann
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Dann Law
*Attorneys for Plaintiffs Karen Adkins and John Adkins*